Eric Gladbach (NJ Bar No. 00050-1999)
King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
E-Mail: *egladbach@kslaw.com*

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| GERALD SCATTAGLIA, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC and JOHN DOES 1-10,<br><br>Defendants. | Case No. 3:21-cv-12750<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(a), 1332(d), 1367, 1441, 1446 & 1453** |

**TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1367, 1441, 1446 & 1453, Defendant Mercedes-Benz USA, LLC ("MBUSA") hereby removes to this Court the state-court action described herein.

Plaintiff's action is removable on the basis of (1) federal diversity jurisdiction under 28 U.S.C. § 1332(a), because there is complete diversity of

citizenship between Plaintiff and MBUSA and because the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) federal diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this case is pleaded as a "class action" under CAFA, and the CAFA diversity-of-citizenship and amount-in-controversy requirements are met.

A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (noting that "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure"). MBUSA states the following grounds for removal:

## I. BACKGROUND

1. On May 7, 2021, Plaintiff filed a class-action complaint against MBUSA in the New Jersey Superior Court for Middlesex County, styled "*JERRY SCATTAGLIA, individually and on behalf of all others similarly situated, v. MERCEDES-BENZ USA, LLC and JOHN DOES 1-10*," Civil Action No. MID-L-2759-21 ("Complaint").

2. On May 10, 2021, Plaintiff filed an amended class-action complaint against MBUSA ("Amended Complaint"), revising references to Plaintiff's name

...

throughout to "Gerald Scattaglia, Jr."  Upon information and belief, no substantive changes appear to have been made in the Amended Complaint.

       3.    At the time of filing of this Notice of Removal, the case was still pending in the Superior Court.  *See* 28 U.S.C. § 1441(a).

       4.    The Complaint was served on MBUSA on May 20, 2021,[1] along with written discovery.

       5.    True and correct copies of the Complaint, Summons, and written discovery (Exhibit A); Amended Complaint (Exhibit B); and other documents in this litigation (Exhibit C) are attached hereto.  *See* 28 U.S.C. § 1446(a).

       6.    Plaintiff Scattaglia alleges that, on or about October 29, 2020, he bought a 2021 Mercedes-Benz GLE 450 from Ray Catena Motor Car in Edison, New Jersey for the purchase price of $76,918.36.  (Ex. B ¶¶ 1, 56.)  The Amended Complaint alleges an undisclosed "defect involv[ing] the vehicle's electrical system which manifests itself when the vehicle fails to start."  (*Id.* ¶¶ 16, 21.)  While Plaintiff does not allege that he paid any money out of pocket for his repairs or that he currently experiences any problems with his car, he seeks a full refund of the purchase price of his vehicle and the putative class vehicles (among various other remedies) on behalf of himself and a putative class.  (*See, e.g., id.* ¶¶ 167, 233, 249.)

---

[1] To date, Plaintiff has not served MBUSA with the Amended Complaint.

7. The Amended Complaint proposes that the putative class be defined as "persons who purchased or leased a 2021 or older 450 GLE vehicle (class vehicle) manufactured or assembled or distributed by defendants, with the vehicle being purchased, leased or registered in New Jersey." (*Id.* ¶ 174.)

8. MBUSA timely files this Notice of Removal, within 30 days of service of the Amended Complaint. *See* 28 U.S.C. § 1446(b).

## II. THE REMOVED ACTION IS SUBJECT TO FEDERAL DIVERSITY JURISDICTION

9. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because (1) diversity of citizenship exists between Plaintiff and MBUSA and (2) the aggregate amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship Exists Between Plaintiff and MBUSA

10. The named Plaintiff, Gerald Scattaglia, Jr., alleges he resides in the State of New York. (*See* Ex. B ¶ 10 (alleging that "Plaintiffs are individuals with an address of 135 Oak Avenue Staten Island, New York 10306").) Therefore, upon information and belief, Plaintiff is a citizen of New York.

11. At the time this action was filed and at the time of removal, MBUSA was, and still is, a Delaware limited liability company that maintained, and still maintains, its home office and principal place of business in Georgia.

12. A limited liability company like MBUSA is treated as a partnership for purposes of establishing citizenship. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). "The citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members"; thus, "the citizenship of an LLC is determined by the citizenship of its members." *Id*.

13. MBUSA has only one member, Daimler North America Corporation ("DNAC"). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). DNAC is a Delaware corporation with its principal place of business in Michigan. Accordingly, for purposes of diversity jurisdiction, MBUSA is a citizen of Delaware and Michigan.

14. Both at the time this action was commenced and at the time of the filing of the Notice of Removal, MBUSA was neither a citizen of the State of New York nor the State of New Jersey.

15. Because Plaintiff and MBUSA are citizens of different States, the requirements for diversity of citizenship are satisfied under 28 U.S.C. § 1332(a)(1).

B. *The Amount in Controversy Exceeds $75,000*

16. "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.  "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) ("No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court.") (citing *Dart Cherokee*).

   17. Plaintiff alleges that he is seeking "damages, **repurchases, refunds,** [and] equitable and injunctive relief" on behalf of himself and the putative class. (*See* Ex. B ¶ 173 (emphasis added); *see also id.* ¶¶ 166–69.)

   18. Plaintiff alleges that he purchased the vehicle at issue in this action for approximately $76,918.36.  (*See id*. ¶ 56.)

   19. Thus, the repurchase or refund remedy Plaintiff is seeking, by itself, exceeds the amount-in-controversy requirement under 28 U.S.C. § 1332(a).

   20. Additionally, Plaintiff seeks treble damages and attorneys' fees for alleged violations of New Jersey's Consumer Fraud Act ("NJCFA").  (*See id.* ¶¶ 248, 250–51 (citing N.J.S.A. § 56:8-9).)  "Under New Jersey law, a court must include these amounts when determining whether it has subject matter jurisdiction in a diversity matter." *Prof'l Cleaning & Innovative Bldg. Servs. v. Kennedy Funding Inc.*, 408 F. App'x 566, 572 (3d Cir. 2010); *see also Suber v. Chrysler*

6

*Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("[A]ttorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action."); N.J.S.A. § 56:8-9 (providing that, under the NJCFA, "the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest" and "shall also award reasonable attorneys' fees").  Given that Plaintiff's Amended Complaint seeks to recover a full refund of his $76,918.36 purchase, treble damages, and attorneys' fees, the amount-in-controversy requirement is readily met.

### III.  ALTERNATIVELY, REMOVAL IS ALSO PROPER UNDER CAFA

21. Additionally, the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

22. Plaintiff purports that class certification is "appropriate" under the provisions of R. 4:32 of the New Jersey Court Rules or Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3).  (*See* Ex. B ¶¶ 203–04.)  Accordingly, this case is pleaded as a "class action" as defined in 28 U.S.C. §1332(d)(1)(B) and is removable under the provisions of CAFA.

23. As set forth below, this is a putative class action in which: (1) Plaintiff alleges facts to show there are more than 100 members in the alleged

class; (2) at least one member of the proposed class is a citizen of a different state than MBUSA; and (3) based upon the allegations in the Amended Complaint, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

    A. *Plaintiff's Proposed Class Consists of More Than 100 Members.*

        24.    Plaintiff alleges that "the class members are so numerous that individual joinder of class members is impracticable" because "[u]pon information and belief, during the relevant time periods, over one hundred of the class vehicles, if not thousands of class vehicles, were sold, leased or registered in New Jersey." (*See* Ex. B ¶¶ 208–09.)

        25.    Moreover, based upon a review of records maintained by MBUSA and in MBUSA's possession, custody, and control, there have been at least 1,533 Model Year 2021 or older 450 GLE vehicles sold or leased in New Jersey. Of course, additional vehicles would have been sold elsewhere, but registered in New Jersey over time. MBUSA does not know the specific number of such registrations, but the Court could order the New Jersey Department of Motor Vehicles to disclose such information if it believes such information to be material.

8

26. Therefore, based on Plaintiff's allegations in the Amended Complaint and available sales records, the aggregate number of members of the alleged class is clearly greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

B. *Minimal Diversity Exists.*

27. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is class action in which—(A) *any member of a class of plaintiffs is a citizen of a State different from any defendant*") (emphasis added).

28. As noted above, Plaintiff is a citizen of New York, whereas MBUSA is a citizen of Delaware and Michigan.

29. Because at least one member of the putative class—Plaintiff—is diverse from MBUSA, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied. Moreover, the putative class is defined as "persons who purchased or leased a 2021 or older 450 GLE vehicle (class vehicle) manufactured or assembled or distributed by defendants, with the vehicle being purchased, leased or registered *in New Jersey*." (Ex. B ¶ 174 (emphasis added).) Accordingly, on information and belief, the proposed class includes citizens of

9

New Jersey and therefore presents additional grounds for satisfying the minimal diversity requirements under CAFA.

C. *The Amount in Controversy Exceeds Five Million Dollars*

30. MBUSA denies Plaintiff's allegations and specifically denies, among other things: (a) that Plaintiff or the putative class are entitled to any relief; and (b) that a "defect" exists in the "electrical system" of all putative class vehicles. But without prejudice to its defenses in this action, and for purposes of demonstrating that the amount in controversy exceeds the $5,000,000 threshold amount for removal jurisdiction under CAFA, *see* 28 U.S.C. § 1332(d)(2), the following is set forth:

    a. MBUSA has leased or sold in New Jersey at least 1,533 putative class vehicles, and additional vehicles have been registered in New Jersey.

    b. The Amended Complaint alleges that "[h]ad plaintiffs known what the manufacturer knew about the vehicle presale – i.e., that the vehicle, along with all other 2021 450 GLEs, suffered from a no start problem or electrical problem – plaintiffs never would have purchased the vehicle" and that "the vehicle is worth less than its purchase price." (Ex. B ¶¶ 78, 247.) By claiming that putative class members would not have purchased the putative class vehicles but for MBUSA's alleged failure to disclose the existence of a "no start problem or

electrical problem," Plaintiff puts at issue the entire purchase price of each putative class vehicle.

   c. Plaintiff explicitly seeks the return of the entire purchase price of each putative class vehicle under his New Jersey New Car Lemon Law and Consumer Fraud Act claims. (*See id.* ¶ 233 ("[p]ursuant to N.J.S.A. 56:12-32 and N.J.S.A. 56:12-42, plaintiffs seek a refund . . ."); *see also id.* ¶ 249 ("[e]quitable relief is available in the form of a full refund . . ."); *id.* ¶ 173 ("Plaintiffs bring this putative class action for . . . repurchases, refunds" and other remedies).

   d. The lowest Manufacturer's Suggested Retail Price ("MSRP") for a putative class vehicle was $61,150. The putative class vehicles range in MSRP up to $65,100 for base models.

   e. Thus, applying the most conservative assumptions—*i.e.*, multiplying the estimated number of putative class vehicles (at least 1,533) by the lowest MSRP for a putative class vehicle ($61,150)—Plaintiff's request for a full refund of the putative class vehicles would result in a cost of $93,742,950. This amount would be far in excess of the $5,000,000 threshold amount in controversy for removal jurisdiction under CAFA.

   f. Plaintiff also seeks damages associated with the diminution in value of his vehicle and the vehicles of putative class members. (*See id.* ¶¶ 246–47

("The vehicle's value is diminished . . . . [Plaintiff] has a claim of ascertainable loss of money or property associated therewith.").)

        g.     Plaintiff submitted a proposed expert report calculating the diminished value of his vehicle in support of his Amended Complaint. Plaintiff's proposed expert calculated the diminished value of Plaintiff's vehicle to be $10,483.97, or 13.63% of the purchase price. (*See id*. at p. 145 ("The diminished value of this vehicle as delivered and warranted equals 13.63% of the purchase price. . . . Taking the 13.63% and multiplying it by the purchase price of $76,918.36 equals $10,483.97 as the diminished value at the time of purchase.").)

        h.     Assuming even the lowest MSRP ($61,150), the alleged diminution in value sought (13.63% of $61,150) for the putative class, which includes at least 1,533 Putative Class Vehicles, would amount to $12,777,164.09— significantly more than $5 million and, standing alone, sufficient to satisfy the threshold amount in controversy for removal jurisdiction under CAFA.

        i.     On top of the categories of damages identified above (all of which independently satisfy the amount-in-controversy threshold), the Amended Complaint further alleges that Plaintiff and the putative class members are entitled to:

- Treble damages under the NJCFA (*id*. ¶¶ 248, 250);

- Various attorneys' fees available to prevailing parties by statute, including:

  (1) <u>Lemon Law Count</u>: *See id*. ¶ 233 (seeking "actual expenses incurred (including any expert witness fees incurred) as well as attorney's fees …"); *see also* N.J.S.A. § 56:12-42.

  (2) <u>NJCFA Count</u>: *See* Ex. B ¶ 251 (seeking "an award of counsel fees"); *see also* N.J.S.A. § 56:8-9.

  (3) <u>MMWA Counts</u>: *See* Ex. B ¶¶ 274, 294 (seeking "an award of fees … pursuant to the MMWA"); *see also* 15 U.S.C. § 2310(d)(2).

- A "statutory refund" to recover "all moneys acquired by means of any practice declared herein to be unlawful" (Ex. B ¶ 250) (citing N.J.S.A. § 56:8-2.11); and

- Damages pursuant to the Uniform Commercial Code and the MMWA (*id.* ¶¶ 272–74, 292–94).

31. For the foregoing reasons, the amount in controversy for Plaintiff's class allegations vastly exceeds the jurisdictional threshold of $5,000,000.

32. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d), as amended by CAFA, and this case is properly removable pursuant to 28 U.S.C. § 1453(b).

### IV. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

33. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 110, 1391, 1441(a), and 1446(a), because the Superior Court of New Jersey, County of Middlesex, where the Complaint was filed, is a state court found within the District of New Jersey. As the state court is located south of the Raritan River, Trenton is the proper vicinage for this action.

34. Concurrent with the filing of this Notice, MBUSA is giving written notice of this removal to Plaintiff's counsel of record and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, County of Middlesex. 28 U.S.C. § 1446(d).

35. Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" MBUSA is attached to this Notice of Removal as Exhibits A, B, and C. In the event additional process, pleadings, or orders are served on MBUSA, it shall promptly provide this Court with true and correct copies of all such papers.

36. As of the date of this removal, MBUSA has not filed a responsive pleading to the Amended Complaint. By filing this Notice of Removal, MBUSA does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal

to this Court, MBUSA requests the opportunity to present a brief oral argument in support of its position that this case has been properly removed.  MBUSA further reserves the right to amend or supplement this Notice of Removal.

*          *          *

WHEREFORE, notice is given that this action is removed from the Superior Court of New Jersey, Middlesex County, to the United States District Court for the District of New Jersey, Trenton Vicinage.

Dated:  June 18, 2021

Respectfully submitted,

By /s/ Eric Gladbach
Eric Gladbach

Attorney for MERCEDES-BENZ U.S.A., LLC